PearsoN, C. J.
The demurrer raises the question, whether the jurisdiction of a Court of Equity can be invoiced, to compel a Sheriff who-has sold land under an execution (tire judgment and execution and sale being in all respects regular) to execute a deed to the purchaser, who offers, and has always been ready to pay the ‘purchase money ; in other words, to compel a Sheriff to' do his duty. This has hitherto been* considered the exclusive function of the Court,«under whose authority he acted in making the sale. We are at a loss to conceive undef what head of cqwiiy this jurisdiction is supposed to be embraced, in the absence of an argument in support of the equity of the bill, or of any reference to a precedent for the exercise of the jurisdiction. The purchaser has a plain, and an adequate, and a speedy remedy at law, by putting the Sheriff under a rule.
*88 We can see no special ground for tbe interference of this, Court. It is true, tbe bill alleges, that after the sale, and in fraud of it, tbe execution continued, to be issued, tbe Sheriff having made no'return of tbe sale ; and thereupon a- second sale was made by the new Sheriff, at which sale the old Sheriff, one of the defendants in this case, became the purchaser. But thefe is no allegation that a deed has been executed to the defendant, Carr, the old Sheriff. We' are inclined to the opinion that if a deed had been executéd to him by the new Sheriff, iii completion of the second sale,, that would"5 have been a ground for coming into this Court; for thereby the title -would have-passed to him as an .individual, which might have rendered it impossible for him to comply with a rule of the Court out of which the execution issued, to mate' title, under his power of sale as Sheriff, to the plaintiff; and thereby made it necessary to convert him into a trustee, holding the legal title, on the ground that he had acquired it by fraud. . ,
But there is no allegation that there was a deed,to him. So, he has not acquired the legal title, and there is no ground for equity, to assume jurisdiction, in order to convert him into a trustee.
Demurrer sustained, and bill dismissed with costs.